930 F.2d 919
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leo McKAYE, Plaintiff-Appellant,
v.
Raymond G. TOOMBS, Caroll Pennington, RN, Ellen Case, RN,
Defendants-Appellees.
 No. 90-2291.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1991.
 
 1
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and FORESTER, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs of the parties, motion for appointment of counsel and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff filed a 42 U.S.C. Sec. 1983 complaint which named as defendants Raymond Toombs, Caroll Pennington, R.N., and Ellen Case, R.N.. He alleged that he received inadequate medical care because there was a delay in him being provided with reading glasses and that lack of proper treatment for an ingrown toenail resulted in his loss of the toenail. The defendants filed a motion for summary judgment to which plaintiff objected. The magistrate prepared a report recommending that summary judgment be granted on the basis that the action against Toombs and Case on the theory of respondeat superior did not establish liability, that the failure to provide plaintiff with glasses did not demonstrate that he was deprived medical care and that refusal of Nurse Pennington to provide immediate medical attention to his infected toe did not support a claim of deliberate indifference to his serious medical needs. Plaintiff responded stating that Case has responsibility to assure that the prisoners' medical needs are met, that Toombs had knowledge of the situation, that the delay in receiving treatment resulted in unnecessary suffering and that Nurse Pennington intentionally refused treatment.
 
 
 4
 The district court judge made a de novo review of the portions of the magistrate's report and recommendation to which objections were filed and adopted the report and recommendation. The court determined that the claimed lack of medical treatment did not rise to the level of unconstitutional deliberate indifference to plaintiff's needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). The plaintiff filed a timely appeal from the district court's opinion and judgment.
 
 
 5
 In his appellate brief, plaintiff asserts that he established a prima facie case and asks that counsel be appointed on appeal.
 
 
 6
 Based upon careful consideration of the record, this court has concluded that the district court properly granted summary judgment for defendants and dismissed plaintiff's 42 U.S.C. Sec. 1983 civil rights action. Accordingly, it is ORDERED that the motion for counsel be denied and the decision of the district court be affirmed for the reasons stated in the district court's October 29, 1990, opinion and judgment. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Karl S. Forester, U.S. District Judge for the Eastern District of Kentucky, sitting by designation